### EX PARTE RANSEY IN RE CHAFFEE v. RANSEY.

HOMESTEAD.—EXCEPTIONS to return of homestead appraisers must be filed in office of Clerk of Court within the limited time. Service on judgment debtor will not suffice.

Before GARY, J., Aiken, January, 1898.   Affirmed.

Petition for homestead by defendant in G. K. Chaffee against G. T. Ransey.   From order dismissing exceptions to appraisers' return, because not filed in clerk's office, plaintiff appeals.

*Messrs. G. W. Croft & Son,* for appellant, cite: 22 Stat., 191; 20 S. C., 346.

*Mr. Thos. R. Morgan,* contra, cites: 17 S. C., 155; 20 S. C., 527; 37 S. C., 134; Rev. Stat., 2126; 14 S. C., 43; 20. S. C., 346; 15 S. C., 535; 7 S. C., 343.

March 27, 1899.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   The sole question presented by this appeal, is whether the Circuit Court erred in dismissing exceptions to the return of homestead appraisers on the ground that said exceptions had not been filed in the office of the clerk of the Court within thirty days after the filing of the return, although said exceptions were served on the judgment debtor personally within said time.   We think there was no error.   Section 1994 of the General Statutes, appearing substantially as section 2126, Revised Statutes 1893, contains the provision: "Said appraisers shall make return of their action in the premises, under their hands and seals, to the sheriff or other officer, within thirty days after the said appraisers shall have been appointed as aforesaid, for record in the office of the clerk of said Court, giving the metes and bounds as well as the value of the homestead so set off, for which purpose they shall be authorized to call in the aid of a surveyor, if they, or a majority of them, deem it necessary.   And if no complaint shall be made by either creditor or debtor within thirty days after the return of the appraisers has been filed, the proceedings in the case shall be final: *Provided,* That if exceptions thereto be filed by either creditor or debtor within thirty days after filing the

return of said appraisers, the Court out of which the process has issued may, upon good cause being shown, order a reappraisement and reassignment of the homestead by other appraisers appointed by the Court." Sec. 1995, Gen. Stat., appearing as sec. 2127, Rev. Stat., provides: "When thirty days shall have elapsed after the filing of the return of said appraisers, setting off a homestead to any debtor, according to the provisions of the preceding section, and no exceptions have been filed against such return, or if such return be finally heard and approved, such debtor may have such return recorded in the office of the register of mesne conveyance of the county in which the same is located; and, upon such return being so recorded, in forty days after the proceedings have become final, the title to the homestead so set off and assigned shall be forever discharged from all debts of said debtor then existing or thereafter contracted." These are the statutory provisions bearing on the question; and we think it is clear therefrom that in order to assail the return of appraisers in homestead proceedings, exceptions to such return must be filed in the clerk's office within thirty days after said return has been there filed. It is of no avail to argue that personal service of the exceptions on the judgment debtor accomplishes all the purposes of notice, and is better than mere filing. The proceedings in assigning homestead is prescribed by statute, and the statutory method is the one to be followed. If exceptions be not filed with the clerk in the required time, the statute gives the judgment debtor the right to have the return recorded as final, and thus discharge said homestead from his debts then existing or thereafter contracted. The object in requiring the filing of the exceptions is not merely to give the judgment debtor or the judgment creditors notice, but to afford the clerk the means to ascertain his duty in reference to recording such return, and in reference to placing the cause on calendar for trial. In the case of *Ex parte Ellis,* 20 S. C., 344, this Court held that notice of exceptions filed by creditors to an appraisement of homestead need not be served on the judgment debtor, and

in determining that question the Court said: "The act in prescribing the mode of proceeding in cases like this, nowhere requires that any notice of the exceptions filed by the creditor should be served upon the judgment debtor. All that is required is that the exceptions shall be filed within thirty days after the filing of the return of the appraisers." As the service of the exceptions in this case on the judgment debtor. was wholly unnecessary, because the statute only required filing thereof with the clerk, manifestly such service cannot be allowed to take the place of the filing required by the statute.

The judgment of the Circuit Court is affirmed.